1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE

10   DONALD B. COOK,

11                      Plaintiff,

12         v.                                          CASE NO. C07-436-JCC

13   THE CONGRESS OF THE UNITED STATES                 ORDER TO SHOW CAUSE
     OF AMERICA,
14
                        Defendant.
15

16         Plaintiff has filed a Complaint (Dkt. No. 1) alleging multiple causes of action against the United

17   States Congress and alleging federal subject matter jurisdiction under the Federal Tort Claims Act

18   ("FTCA"), 28 U.S.C. § 1346(b).

19         The United States has sovereign immunity from all lawsuits unless Congress expressly waives that

20   immunity.  *United States v. Shaw*, 309 U.S. 495, 500–01 (1940).  Any legislative waiver of immunity

21   must be strictly construed.  *United States v. Sherwood*, 312 U.S. 584, 590 (1941).  The FTCA expressly

22   waives sovereign immunity for claims against the United States for personal injury, death, or property

23   damage, 28 U.S.C. § 1346(b), if a private individual in like circumstances would be liable, *id*. § 2674.

24   The FTCA also contains an exhaustion requirement, *id*. § 2675, and a statute of limitations, *id*. § 2401.

25

26   ORDER – 1

Moreover, failure to state a valid claim within the constraints of Congress's limited waiver of sovereign immunity in the FTCA deprives this Court of subject matter jurisdiction over the United States and its branches and agencies in a FTCA action. *Id.* § 1346(b) (conferring jurisdiction on federal district courts for civil actions alleging "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred"). These threshold requirements must be satisfied for Plaintiff to pursue his claims in this forum.

Plaintiff's Complaint (1) does not allege personal injury, death, or property damage; (2) fails to allege that a private individual in like circumstances would be liable under applicable tort law; and (3) fails to allege that Plaintiff has exhausted the FTCA's administrative claim procedure. First, it is problematic that none of Plaintiff's claims facially allege torts involving personal injury, death, or property damage. Moreover, because the FTCA confers subject matter jurisdiction only over causes of action recognized by the law of the place where the act or omission occurred, *id.* § 1346(b); *Robak v. United States*, 658 F.2d 471, 474 (7th Cir. 1981), Plaintiff's lack of specificity in identifying any body of relevant governing tort law also presents a pleading deficiency. Specifically, the first five causes of action are alleged violations of federal *criminal* statutes: bribery, 18 U.S.C. § 203; graft, *id.* § 203; conflict of interest, *id.* § 203; conspiracy, *id.* § 371; and fraud and false statements, *id.* § 1001. The sixth claim, embezzlement, is alleged to be a violation of Article I, Section 9 of the U.S. Constitution. The seventh and eighth claims generically allege blackmail and abuse of power, but cite no authority. Thus, because Plaintiff fails to allege that any of his claims are personal injury or property damage torts cognizable in the place where the act or omission occurred and because Plaintiff fails to allege exhaustion, Plaintiff fails to properly state a claim under the FTCA or make any showing that this Court has subject matter jurisdiction.

In light of the foregoing deficiencies in the Complaint, Plaintiff is ordered to SHOW CAUSE within thirty (30) days of the date of this Order why this action should not be dismissed for lack of

ORDER – 2

1  subject matter jurisdiction and/or failure to state a claim upon which relief can be granted.

2      SO ORDERED this 6th day of April, 2007.

3      _____
       John C. Coughenour

4      United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  ORDER – 3